UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MALINDA S. BULLOCK,

        Plaintiff,

v.                                          Case No. 19-cv-1420-pp

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER §406(b) (DKT. NO. 35)**

        On June 23, 2021, the court reversed the decision of the Commissioner of Social Security and remanded the case to the Commissioner under sentence four of 42 U.S.C. §405(g). Dkt. Nos. 30, 31. On August 31, 2021, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $8,578, dkt. no. 33, which the court approved on September 2, 2021, dkt. no. 34. The plaintiff received a fully favorable decision from the Commissioner on remand, dkt. no. 35 at ¶3, and the February 8, 2023 Notice of Award stated that the plaintiff's past due benefits since August 2014 ranged in monthly amounts from $934.40 to $1,183.50, dkt. no. 35-1 at 1–2. The Notice of Award did not provide a gross total of past due benefits. See Dkt. No. 35-1. On March 24, 2023, the plaintiff filed a motion for attorney's fees under §206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). Dkt. No. 35. The plaintiff's attorney, Donald J. Chewning, seeks an award in the amount

1

of $17,094.75. Id. at ¶6. Because the award is paid out of the plaintiff's past-due benefits rather than agency funds, the Commissioner is unable to stipulate to the fees. The plaintiff represents, however, that the Commissioner has no objection to the requested fee. Id. at ¶12.

## I. Legal Standard

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. Section "'406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" Culbertson v. Berryhill, 139 S.Ct. 517, 520 (2019) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. O'Donnell v. Saul, 983 F.3d 950, 952 (7th Cir. 2020) (citing 42 U.S.C. §406(b)(1)). The fees are deducted from the claimant's benefits and do not constitute an award against the government. Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004) (citing Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)).

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement, but to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if

2

the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

**II.     Analysis**

The plaintiff signed a contract with Attorney Chewning on August 26, 2019, agreeing to a 25% total fee for representation in federal court. Dkt. No. 35-3. The second sentence of the fee contract stated the following:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.

Id. at 1. Although the Notice of Award did not provide a gross total of the plaintiff's past-due benefits, it stated that the Social Security Administration withheld $25,094.75 from the plaintiff's past-due benefits to pay the plaintiff's lawyer. Dkt. No. 35-1 at 2.

Section 406(b) places two limitations on attorney's fee awards: (1) a cap of 25% and (2) a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap.

The §406(b) fee requested appears reasonable. The plaintiff's attorney obtained a good result for the plaintiff and the plaintiff agreed to pay 25% of the past-due benefits awarded to him. Attorney Chewning explained that in calculating his fee request, he accounted for Attorney Timothy Geary's (the plaintiff's hearing attorney on remand) petition to the administrative law judge

3

for fees in the amount of $8,000 for his work before the agency. Dkt. No. 35 at ¶5. See Dkt. No. 35-2 (copy of Attorney Geary's February 17, 2023 fee petition).[1] Attorney Chewning states that his "request for fees is limited to 25% of the past due benefits *less hearing counsel's fees.*" Dkt. No. 35 at ¶5 (emphasis added). In other words, Attorney Chewning seeks payment of the remainder of the 25% of past due benefits, which taking $25,094.75 minus Attorney Geary's request for $8,000 totals $17,094.75. Id. at ¶6.

The overall hourly rate of Attorney Chewning's work was approximately $398.39. Dkt. No. 35 at ¶10 (dividing $17,094.75 by 42.91 expended hours). See Dkt. No. 35-4 (Attorney Chewning's time itemization). The court finds that this hourly amount is reasonable for the benefit provided to the plaintiff. This court has previously permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate).

---

[1] Attorney Chewning informs the court that to his knowledge, Attorney Geary's fee petition has not yet been approved, but Attorney Chewning "is proceeding under the assumption that it will be and is accounting for an award of fees to hearing counsel in calculating this request for fees." Dkt. No. 35 at ¶5. Attorney Chewning states that if Attorney Geary's "request for fees is not approved, any remaining amount would be released to the Plaintiff and is not sought here." Id.

Where the plaintiff's attorney receives fees under both the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. <u>Gisbrecht</u>, 535 U.S. at 796; <u>O'Donnell</u>, 983 F.3d at 953. Attorney Chewning states that upon payment of the §406(b) fees, he will refund to the plaintiff $8,578 in acknowledgment of the fee previously awarded under the EAJA. Dkt. No. 35 at ¶11.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney's fees under 42 U.S.C. §406(b) and **APPROVES** the award of $17,094.75 payable to the plaintiff's attorney by the defendant. Dkt. No. 35.

Upon receipt of the award, the plaintiff's attorney must refund the plaintiff the $8,578 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 6th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
